STATE OF LOUISIANA

VERSUS

MELISSA GONZALES

NO. 21-K-685

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

February 14, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBERS 20-4606, 20-1589,20-3064

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

## WRIT GRANTED; JUDGMENT AMENDED

In this writ application, relator, the State of Louisiana, seeks review of the trial court's denial, in part, of its motion in limine to exclude evidence related to allegations of the victim's alleged sexual abuse of his minor child. For the following reasons, we grant the writ in part and find that the trial court erred in permitting defendant to question the victim as to whether he in fact sexually abused his minor child. We further find the trial judge's ruling as to the admissibility of evidence concerning the minor child's accusations of sexual abuse against the victim, allegedly at the direction of defendant, is premature at this time and we amend the judgment as to that portion of the State's motion in limine.

On September 3, 2020, the Jefferson Parish District Attorney's Office charged defendant, M.G., with one count of domestic abuse battery of her husband, W.G., with a child under thirteen years of age present in violation of La. R.S. 14:35.3 in district court case number 20-3064, and three counts of violating a protective order in violation of La. R.S. 14:79 in district court case number 20-4606. On February 5, 2021, the Jefferson Parish District Attorney's Office filed a separate bill of information charging M.G. with one count of domestic abuse battery of W.G. in violation of La. R.S. 14:35.3 and one count of resisting an officer in violation of La. R.S. 14:108 in district court case number 20-1589.

On August 13, 2021, the State filed a motion in limine, seeking to prohibit defendant, M.G., from referring to any allegation of sexual abuse or misconduct by

21-K-685

the victim, W.G., upon their minor child.[1] In support of its motion, the State introduced into evidence documentation reflecting that the Department of Children and Family Services conducted an investigation into the sexual abuse allegations against W.G. and found no valid complaint of sexual abuse.[2]

In opposition to the motion, M.G. argued that prohibiting her from questioning the victim, W.G., concerning the alleged sexual abuse violates her constitutional right to present a defense. M.G. argued that she intends to prove that the allegations of sexual misconduct against W.G. motivated W.G. to fabricate or stage the events which led to the charges against her. Thus, M.G. argued that evidence surrounding the sexual abuse allegations is permissible under La. C.E. art. 404(B) as relevant to show W.G.'s bias, interest, or motivation to testify falsely against her.

On August 23, 2021, the trial court conducted a hearing. Upon consideration of the argument and evidence introduced, the trial judge denied the State's motion as to the sexual abuse allegations pertaining to W.G. The trial judge stated that he would allow defendant to ask "very limited questions" about the victim's motive for pressing charges as follows: "did you make these charges because your daughter reported you as sexually abusing her" and "did you sexually" abuse your daughter? In this writ application, the State seeks review of that ruling.

Both the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Louisiana Constitution guarantee a criminal defendant the right to present a defense. *State v. Lirette,* 11–1167 (La. App. 5 Cir. 6/28/12), 102 So.3d 801, 813. However, this right does not require a trial court to permit the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. *Id.* The trial court is accorded great discretion in evidentiary rulings and, absent a clear abuse of that discretion, rulings on admissibility of evidence will not be disturbed on appeal. *State v. Magee,* 11–0574 (La.9/28/12), 103 So.3d 285, 321.

Concerning the admissibility of prior acts or courses of conduct of a witness, this Court has stated:

> La. C.E. art. 607(D) further provides that "extrinsic evidence, including prior inconsistent statements and evidence contradicting the witness' testimony, is admissible when offered solely to attack the credibility of a witness[.]" The admissibility of extrinsic evidence to impeach credibility of a witness however is subject to the relevancy balancing test of La. C.E. art. 607(D)(2), which requires the court to determine whether "the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice." La. C.E. art. 607(D)(2); *State v. Juniors,* 03–2425 (La.6/29/05), 915 So.2d 291, 330; *State v. Cousin,* 96–2973 (La.4/14/98), 710 So.2d 1065, 1069–72. Therefore, although La. C.E. art. 607(D) permits a party to

---

[1] The motion in limine further sought to prohibit defendant from referring to any allegations of sexual abuse of the minor child by a known juvenile, B. The trial court granted that portion of the State's motion in limine and that ruling is not before this Court.

[2] The documents introduced into evidence did however reflect a valid finding of lack of adequate supervision and emotional maltreatment of the minor child by defendant M.G. with concerns for potential physical abuse of the minor child by M.G.

2

attack the credibility of a witness through extrinsic evidence, this grant is necessarily subject to the relevancy balancing test of La. C.E. art. 607(D)(2) and further to the limitation set forth in La. C.E. art. 608(B), which provides:

> Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.

*State v. Adams*, 11-1052 (La. App. 5 Cir. 5/16/13), 119 So.3d 46, 53, *writ denied*, 13-1413 (La. 12/6/13), 129 So.3d 531.

In this case, defendant, M.G., seeks to question the victim, W.G., as to (1) whether W.G. did in fact sexually abuse his child and (2) whether W.G. "set up" M.G. or falsely accused M.G. of the domestic abuse charges at issue in this case to retaliate for the sexual abuse accusations made against him by his minor child allegedly at M.G.'s direction.

Upon review of this writ application and attachments thereto, we find that the trial court erred in permitting M.G. to question the victim W.G. directly as to whether he in fact abused his minor child. Such evidence is inadmissible to attack the victim's credibility under La. C.E. art. 608 where the victim was never convicted of any crime and further where, as here, the evidence before the trial judge at the time of the hearing on the motion in limine demonstrates that the accusations were investigated and determined invalid. Accordingly, we reverse in part the trial court's ruling and find that the direct questioning as to whether the victim W.G. sexually abused his daughter is inadmissible at this time.

As to the questioning of W.G. concerning whether he falsely accused M.G. of the charged crimes at issue to retaliate for the sexual abuse accusations made against him by the minor child allegedly at the direction of M.G., we find the trial judge did not abuse his discretion in finding that such questioning may be admissible at trial. However, we find the trial judge's determination on the admissibility of that evidence is premature at this time. We amend the trial court judgment to reflect that such evidence is only admissible as relevant *if* defendant in fact presents to the fact-finder at trial, through opening statements, testimony, or documentary evidence, the defense that W.G.'s motive to "set up" M.G. for the charges at issue arises out of the sexual abuse accusations made against W.G. by the minor child allegedly at the direction of M.G. However, until that defense is laid out before the fact-finder at trial, any evidence concerning the accusations of sexual abuse of the minor child by the victim W.G. is irrelevant and inadmissible.

We point out that the trial judge made his ruling "based upon what I have before me today" and further that a trial court may change its ruling regarding admissibility of evidence as new evidence is presented or as the circumstances change during trial. *State v. Johnson*, 19-201 (La. App. 3 Cir. 12/4/19), 286 So.3d 493, 506, *writ not considered*, 20-00126 (La. 3/2/21), 311 So.3d 1050. At the hearing on the motion in limine, defense counsel indicated that he is requesting further documents related to the minor child's medical treatment as well as investigative records from the Family Justice Center. Should any new evidence or circumstances be presented to shed further light on any evidentiary issue, the State

or M.G. is permitted to seek to have the trial court revisit the admissibility of any evidence.

Accordingly, for the reasons provided herein, we grant the State's writ in part and reverse the trial court's ruling as to the questioning of whether W.G. did in fact sexually abuse the minor child. As to the questioning concerning the accusations of sexual abuse and the motivation for W.G. to testify concerning the charged crimes at issue against M.G., we find such ruling is premature at this time and we amend the trial court judgment to reflect that such evidence is only admissible should defendant set forth a defense at trial and seek to show that W.G. "set up" or testified falsely concerning the charges at issue in an effort to retaliate for the sexual abuse allegations made by the minor child allegedly at the direction of defendant, M.G.

Gretna, Louisiana, this 14th day of February, 2022.

**FHW**
**MEJ**
**SJW**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



## FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **02/14/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-K-685

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
Thomas J. Butler (Relator)              Richard L. Ducote (Respondent)
                                        Darren A. Allemand (Relator)

### MAILED

Victora McIntyre (Respondent)           Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                         District Attorney
318 East Boston Street                  Twenty-Fourth Judicial District
2nd Floor                               200 Derbigny Street
Covington, LA 70433                     Gretna, LA 70053